WOHLIEN, Plaintiff in Error, *vs.* SPECK, Defendant in Error.

1. An administration sale passes no title unless a deed is executed.

*Error to St. Louis Court of Common Pleas.*

This was an action to recover a lot in the St. Louis city common. The record showed the following facts :

On the 2d of May, 1842, the city of St. Louis, being the owner of the lot, sold it at public sale for $910 35 to Diedrich W. Wohlien, who received a deed by which the city granted and leased the lot to him for the annual rent of five per cent. on the amount bid by him, and stipulated to execute to him a deed in fee upon the payment of the principal sum of $910 35.

On the 13th of August, 1842, D. W. Wohlien died, and Anna Wohlien, his widow, and John Wolff took out letters of administration on his estate.

On the 11th of March, 1845, regular proceedings having previously been had, the St. Louis Probate Court ordered the lot to be sold for the payment of debts due from the estate. Before the sale, the lot was appraised according to law. The certificate of the appraisers stated that it was appraised " at the sum of $1500, for the fee of the same, the purchase price of the same of $910 35 being yet due to the city, which is in-

cluded." There was due to the city the sum of $45 52 for the rent of the year ending May 2, 1845, of which no mention was made in the appraisement. On the 2d of June, 1845, pursuant to the order of the court, the lot was sold by the administrator and administratrix at public auction, and Mrs. Wohlien, the administratrix, became the purchaser at the price of $420. It was announced at the sale that the lot was sold subject to the instalment of rent due. This rent was in fact never paid by the administratrix, but was afterwards allowed against the estate. On the 6th of June, 1845, the sale was confirmed by the Probate Court, but no deed was ever executed. On the 13th of January, 1846, Mrs. Wohlien, under color of having obtained the title conveyed to her husband in his life-time, received a deed in fee for the lot from the city of St. Louis, and on the 16th of January, 1846, she conveyed to the defendant, Anna C. Speck. Mrs. Wohlien died in 1849. The plaintiff claimed as heir of D. W. Wohlien.

The court below instructed the jury that the title of the heir was divested by the administration sale, and *the confirmation* thereof by the Probate Court. The plaintiff submitted to a nonsuit and appealed to this court.

*R. M. Field* and *C. Gibson*, for plaintiff in error. 1. The sale to Mrs Wohlien was for less than three-fourths of the appraised value and therefore void. The appraisement must be taken to have been exclusive of the rent due. 2. The confirmation by the Probate Court could not render the sale valid. This is not the case of a mere irregularity in the proceedings. It is a case where there was an incapacity of the purchaser to take. 3. The debt to the city for the rent of 1845 was, in fact, paid by the estate. 4. The report of sale was approved at the same, and not at the *next* term, as prescribed by statute. 5. There was no deed executed to the administratrix, and the law makes the deed operative to convey the title.

*T. Polk* and *W. J. Romyn*, for defendant in error. 1. The administration sale and the approval thereof by the Probate Court passed all the interest of the intestate, D. W.

Wohlien, in the lot. Any irregularity cannot be taken advantage of in a collateral proceeding. 12 Wend. 533. 4 Wend. 436. 3 Metcalf, 361. 2 Rawle, 287. 2 Penn. 521. 8 Vermont, 368. 1 Harr. (Del.) Rep. 477. 11 Serg. & Raw. 422. 10 Pet. 473. 2 How. 319. 2 Pet. 169. *Frye* v. *Kimball*, 16 Mo. Rep. 21. 2. The administratrix did not purchase for less than three-fourths of the appraised value. The appraisement was made upon the supposition that no rent was due, and the rent due is to be taken as a part of the purchase money. 3. The deed from the city to Mrs. Wohlien passed a full title.

SCOTT, Judge, delivered the opinion of the court.

1. The city of St. Louis, under the authority of an act of the general assembly approved 18th March, 1835, conveyed the land in dispute to the ancestor of the plaintiff forever, he paying therefor semi-annually a sum equal to one half of five per cent. on the purchase money, which was $910 35. This sale divested the city of all title. So long as the terms of the sale were complied with, she could, in no way, affect the title thus conveyed. When Wohlien, the ancestor, died, his title descended to his heir, the plaintiff. Admitting that the proceedings of the administratrix, preparatory to the sale, were regular, yet, as there was no deed made as it is conceded, no title passed by the sale. The statute requires a deed to be made to the purchaser, and declares that such deed shall convey to him all right, title and interest which the deceased had to such real estate, at the time of his death, discharged of all liability for his debts. The title then remaining in the heir, the city had no authority to convey the land away to any one else. The deed from the city to Mrs. Wohlien was purely void and passed nothing. She not having the first title conveyed by the city, had no authority to affect it in any wise. The conveyance between her and the city being void, the plaintiff holds the land

under the original deed from the city, and subject to all its stipulations and conditions.

The other judges concurring, the judgment will be reversed and the cause remanded.